# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| ALLEY BROTHERS, LLC § | |
| § | Civil Action No. 4:18-CV-577 |
| v. § | (Judge Mazzant/Judge Nowak) |
| § | |
| MURALIDHARAN KRISHNAN, ET AL. § | |

## MEMORANDUM OPINION AND ORDER OF REMAND

Pending before the Court is Plaintiff Alley Brothers LLC's ("Plaintiff") Expedited Motion to Remand in Rem (Dkt. #6). Having reviewed Plaintiff's Motion to Remand (Dkt. #6), and all other relevant pleadings, the Court finds this matter should be remanded.

## RELEVANT BACKGROUND

This case represents Defendants' second attempt to remove a post-foreclosure eviction proceeding from state court. On March 28, 2018, Plaintiff initiated an eviction proceeding in Justice Court of Precinct 4 of Collin County, Texas related to the residence located at 8528 Maltby Court, Plano, Texas 75204 (the "Property"), where Defendants reside (Dkt. #9-1 at p. 65). Prior to the initiation of trial, on April 13, 2018, *pro se* Defendants removed the case to the Eastern District of Texas, Sherman Division. *Alley Brothers, LLC v. Krishnan, et al.*, No. 4:18-cv-258 (E.C.F. No. 1) (E.D. Tex. Apr. 18, 2018). On April 26, 2018, Plaintiff filed a Motion to Remand asserting that the Parties were not diverse and the complaint presented no basis for federal question jurisdiction. *Id*. at (E.C.F. No. 9). On June 11, 2018, the Magistrate Judge issued a Report and Recommendation, recommending that Plaintiff's Motion to Remand be granted, and specifically finding that: (1) complete diversity of citizenship did not exist in this matter; (2) the amount in controversy was not met; and (3) Defendants' purported counterclaims could not be considered in determining jurisdiction. *Id*. at (E.C.F. No. 28). On July 27, 2018, the undersigned adopted the

Magistrate Judge's recommendation and remanded the case back to Justice Court of Precinct 4 of Collin County, Texas. *Id.* at (E.C.F. No. 37). On August 10, 2018, Defendants filed a notice purporting to appeal the order of remand. *Id.* at (E.C.F. No. 37).

After remand, the eviction proceeding was again set for trial in the State Justice of the Peace Court on August 21, 2018 with a pretrial conference set for August 16, 2018. Two days prior to the pretrial conference, on August 14, 2018, Defendants once again attempted to remove the eviction proceeding, filing a Notice of Removal (Dkt. #1). Therein, Defendants aver that they "would like to remove the JP Court Case AGAIN/2nd Time **citing 28 USC 1443 (which is applicable for Civil Rights cases)**," and "**also** cites/uses related 28 USC 1331, RICO, FDCPA, TXDCPA, and State Property codes of Texas" (Dkt. #1 at pp. 1–2) (emphasis in original).

On August 20, 2018, Plaintiff filed its "Expedited Motion to Remand In Rem" (Dkt. #6), arguing this matter should be remanded because "this second removal is untimely," and "this Court has already ruled that it lacks jurisdiction of this state court forcible detainer action" (Dkt. #6). Plaintiff further alleges that "[w]hen the Justice of the Peace Court would not cancel the trial based on the appeal. . .Defendants filed their second Notice of Removal on August 14, 2018, this time trying to artificially create an exception scenario to 28 U.S.C. §1447(d)" (Dkt. #6 at p. 3).

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction the case shall be remanded." 28 U.S.C. § 1447(c); *McKinney Econ. Dev. Corp. v. McKinney Shores Properties, Inc.*, 4:09-CV-284, 2010 WL 3855553, at *2 (E.D. Tex. Aug. 27, 2010), *report and recommendation adopted*, 4:09-CV-284, 2010 WL 3835031

(E.D. Tex. Sept. 30, 2010). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("any federal court may raise subject matter jurisdiction *sua sponte*").

28 U.S.C. § 1441(a), the general removal statute, allows a defendant to remove a case to the federal district court for the district and division within which the underlying state action is pending, provided that the district court possesses original jurisdiction.

A state court lawsuit may be removed if it includes a claim arising under federal law. 28 U.S.C. §§ 1441 and 1331. Whether federal question jurisdiction exists in a removal action is based on the allegations in a plaintiff's "well-pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "Under the well-pleaded complaint rule, federal question jurisdiction depends on whether there appears on the face of the complaint some substantial, disputed question of federal law." *Baron v. Strassner*, 7 F. Supp. 2d 871, 873 (S.D. Tex. 1998) (internal quotation marks omitted). "It is well settled that the party who brings the suit is the master of what law he will rely upon." *Id.* Under the "well[-]pleaded complaint" rule, if the complaint does not affirmatively allege a federal claim and instead asserts only state law causes of action, a case does not arise under federal law. *See Kramer v. Smith Barney*, 80 F.3d 1080, 1082 (5th Cir. 1996) (citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983)).

In addition, under 28 U.S.C. § 1332(a), civil actions between citizens of different states where the amount in controversy exceeds $75,000 may be removed to federal court. For jurisdiction to exist under § 1332, complete diversity must exist such that no plaintiff and no defendant may be citizens of the same state. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998).

**ANALYSIS**

*The Court Lacks Subject Matter Jurisdiction*

The Court has previously determined that it lacks subject matter jurisdiction over this matter. While "[t]he Fifth Circuit recognizes a defendant's right to seek subsequent removals after remand," a subsequent removal cannot be based upon the same ground – that is, the same "pleading or event that made the case removable." *S.W.S. Erectors, Inc. v. Infax, Inc*., 72 F.3d 489, 492 (5th Cir. 1996). Only "[i]f the defendant raises a new factual basis, [that] is not deemed adjudicated with the [prior] remand order" is a second removal proper. *Id*. at 493; s*ee also Weaver v. Zurich Ins. Co*., No. 4:11-1095, 2011 WL 4007883 (S.D. Tex. Sept. 7, 2011) (involving second removal); *Leon v. Gordon Trucking, Inc.,* 76 F. Supp. 3d 1055 (C.D. Cal. 2014) (same); *Ebeling v. Scottsdale Ins. Co*., No. 08-4619, 2008 WL 4974804 (E.D. La. Nov. 19, 2008) (same); *Gray v. Stanford Research Institute,* 108 F. Supp. 639 (N.D. Tex. 1952) (same). Stated another way, a party may not file a second notice of removal upon the same grounds where the district court previously remanded the action. The Court has carefully compared the Notices of Removal from both cases, as well as the live pleadings in the underlying forcible detainer action. There is no significant difference in the facts pleaded or argued by Defendants in Cause No. 4:18-cv-258 and the instant case.

Moreover, Defendants' new assertion that § 1443 is an appropriate vehicle for the removal of the instant action is meritless. 28 U.S.C. § 1443 allows for a defendant to seek removal of any civil action or criminal prosecution brought in a state court that is:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof; or
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443 (2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824 (1966). Defendants have not alleged that they are federal officers or agents in their Notice of Removal, and therefore, any potential right to removal must fall under § 1443(1). In order to remove an action under 28 U.S.C. § 1443(1), litigants must satisfy two elements: (1) the rights allegedly denied to the litigant arise under a federal law "providing for specific civil rights stated in terms of racial equality;" and (2) the litigant has been "denied or cannot enforce" the specific civil rights in state court. *Georgia v. Rachel,* 384 U.S. 780, 792-94 (1966).

Defendants' Notice of Removal does not mention Defendants' race or any allegations of race-based discrimination, thereby failing to meet *Rachel*'s first prong. *See U.S. Bank Nat'l Ass'n v. Jefferson*, 314 F. Supp. 3d 768 (S.D. Tex. 2018). Furthermore, "Defendants have not alleged any facts capable of showing how a denial of their 'specific civil rights stated in terms of racial equality' is 'manifest in a formal expression of state law' or that the very act of bringing a forcible detainer suit against them in state court "will constitute a denial of the rights conferred by [a] federal statute.'" *Id*. (quoting 28 U.S.C. § 1443(1)) ("Defendants advance no legally cognizable argument that the Texas state courts have denied or will deny them [federal] rights. . . [n]or do they point to any Texas law that might preclude them from enforcing federal rights. . . in state court. And defendants do not assert that this is an unusual case in which the laws of Texas will operate to deny them these federal rights."). Defendants' bare assertion that this case is properly removed under § 1443 fails to meet one, much less both prongs required under *Rachel*. *See id*. (court remanded case after removal under § 1443 where "Defendants cite 42 U.S.C. §§ 1981 and 1982, but fail either to identify their own races or to allege facts capable of establishing that being

subject to a forcible detainer action in state court will deny them rights protected by these federal laws.").

*Defendants' Second Notice of Removal Is Untimely*

Plaintiff also asserts that Defendants' second Notice of Removal is untimely because over thirty days have now passed from when Defendants were served. "The timing of removal is controlled by 28 U.S.C. § 1446(b)." *Bryson v. Wells Fargo Bank, N.A.*, 1:16-CV-28, 2016 WL 1305846, at *2 (E.D. Tex. Mar. 31, 2016) (quoting *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013); *accord Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007)). "'[I]f the initial pleading sets forth a claim that triggers the removal clock, the defendant must file notice of removal within thirty days of receiving it.'" *Id.* (quoting *Mumfrey*, 719 F.3d at 397-98; citing § 1446(b)(1)). "In this case, the Defendants were served with the initial pleadings on April 6, 2018. They did not file this second notice of removal until August 14, 2018, over 120 days since the initial service of suit." (Dkt. #6 at pp. 3–4). Defendants' second Notice of Removal is untimely under § 1446(b)(1).

Defendants' Notice of Removal is also untimely under § 1446(b)(3). Under § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Morrow v. Morrow*, CV 4:16-CV-27, 2016 WL 9709531, at *2–3 (E.D. Tex. Feb. 22, 2016) (quoting 28 U.S.C. § 1446(b)(3)). Defendants have not, in their Notice of Removal, alleged that any "other paper" has now made the instant case removeable; rather, Defendants only argue that they have discovered a new basis for removal under the same

allegations present in Defendants' first attempt at removal.[1]  Accordingly, Defendants' second Notice of Removal is untimely under § 1446.

## CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's case is **REMANDED** to the Justice Court of Precinct 4 of Collin County, Texas for lack of jurisdiction.  Further removal of this matter may result in the imposition of sanctions, including the Court's award of attorney's fees and costs to Plaintiff.

All relief not previously granted is **DENIED**.

**IT IS SO ORDERED**.

SIGNED this 6th day of September, 2018.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[1] As discussed *supra*, this proposed basis for removal is meritless.